IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PAUL BAXLEY,

    Petitioner,

v.                                          CASE NO. 4:04-cv-00054-MP-AK

CHARLIE CRIST,
JAMES V CROSBY, JR,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 18, Report and Recommendations of the Magistrate Judge, recommending denial of the petitioner's § 2254 motion. The time for filing objections has passed and none have been filed.

Petitioner, a 25-year-old at the time, was convicted of sexually battering his 17-year-old first cousin while she was a foster child in his home. His defense strategy at trial was to argue that the sex was consensual and that the victim was falsely accusing him so that she could be moved from the foster home to another closer to her friends. At trial, defense counsel called no witnesses on Petitioner's behalf, but he did cross-examine the victim concerning possible fabrication of her story. Petitioner argues in his § 2254 motion that his counsel was ineffective for failing to call his mother or the victim's prior foster father to testify about prior incidents of false accusation. The petitioner previously raised these claims with the state court, which rejected them.

Having carefully considered the matter, the Court agrees with the Magistrate Judge that the state court's ruling on Petitioner's ineffective assistance of counsel claims was not contrary

to or did not involve an unreasonable application of clearly established Supreme Court law, and the state court did not base its decision on an unreasonable determination of the facts in light of the evidence presented at trial. The post-conviction court meticulously examined the record evidence with the <u>Strickland</u> requirements in mind and made a well-reasoned, well-supported decision.  Even if this Court presumes, as the state court did, that counsel acted deficiently in failing to call additional witnesses, the Court agrees that there is not a reasonable probability that the outcome of the proceedings would have been different.  Defendant's own inconsistent statements and admissions to law enforcement provides the most damning evidence against him on the consent issue when compared to possible motives of victim to testify that there was no consent. This is apparent in the trial record. Therefore, there is certainly no likelihood that defense counsel's attempt to introduce the mother's or the previous foster father's testimony would have changed the outcome of this trial.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge is adopted and incorporated herein.

2. The petition is DENIED, and the clerk is directed to close the file.

**DONE AND ORDERED** this  *19th*   day of October, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge